UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GARRY JONES,

    Petitioner,

v.

Case No. 1:10-cv-319
Hon. Robert J. Jonker

CARMEN PALMER,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

Petitioner was charged with two counts: (1) open murder, M.C.L. § 750.318); and (2) felony firearm, M.C.L. § 750.227b. *People v. Jones*, No. 2005-1151-FC (9th Cir. Ct.) (Kalamazoo County) (Register of Actions) (docket no. 19); Plea Trans. at p. 6 (docket no. 14); Plaintiff's Brief at p. 6 (docket no. 17). On February 3, 2006, the fourth day of trial, petitioner pled guilty to second-degree murder, M.C.L. § 750.317. Plea Trans. at pp. 1-12; Judg. of sentence (docket no. 17). In describing the charge of open murder, the court advised petitioner as follows:

> In this file, you are charged with two counts. In count one you're charged with what we commonly call an open charge of murder, which means that a jury could find you – Of course it could find you not-guilty. – but could find you guilty of anywhere from first-degree murder to second-degree murder or maybe some lesser homicide level offense.
>
> First-degree murder is – carries with it a life sentence. That is a mandatory life sentence, non-parolable.

> Second-degree murder carries with it a sentence maximum of up to life in prison or any lesser number of years. The one redeeming benefit is that it does permit parole under circumstances set by the parole board.

Plea Trans. at p. 6.

On February 3, 2006, the fourth day of trial, petitioner pled guilty to second-degree murder. Pleas Trans. The trial judge explained the plea agreement as follows:

> My understanding of the plea agreement is that you'll tender a plea of guilty to murder in the second degree. At the time of sentencing the agreement is that you will receive a minimum term of 30 years.
>
> Now what that means is that I will set an indeterminate sentence, meaning it will be 30 years at a minimum end to an upper level number that I pick, which must be at least one-third above 30. So it could be 30 to 50 years; it could be whatever it is.
>
> The agreement further is that, of course, your minimum term would not be less than 30 years. You, of course, would receive credit for any time that you've already served. The maximum sentence will be by the Court.
>
> And there's also a stipulation that in the event the 30-year period exceeds the sentencing guideline range – which the lawyers are not sure whether it does or doesn't. A lot of times that depends on how things sort out when we do the presentence report.
>
> That there would be an agreement to a stipulated sentence of 30 years and an agreement that there are substantial and compelling reasons to impose to [sic] 30-year minimum sentence if that exceeds the guideline range.

Plea Trans. at pp. 6-7.

At that time, petitioner pled guilty to the charge of second-degree murder:

The Court: On or about June 18, 2004 – which could have extended to as late as June 21, 2004 – in the county of Kalamazoo and state of Michigan, what did you do that causes you to believe that you're guilty of murder in the second degree?

[Petitioner]: I killed David Guckes.

2

| | |
|---|---|
| The Court: | And how did you kill him. |
| [Petitioner]: | I shot him. |
| The Court: | And was that in Charleston Township? |
| [Petitioner]: | I'm not aware of the boundaries of the Township, your Honor. |
| The Court: | Well, was it east of the city of Kalamazoo and Portage? |
| [Defense Counsel]: | Was it in this county? |
| [Petitioner]: | Yes, your Honor, yes. |
| The Court: | It was in Kalamazoo County, and it was generally in a rural area described in the trial. |
| [Petitioner]: | Yes, your Honor. |

\*   \*   \*

| | |
|---|---|
| The Court: | Did you intend to kill him when you shot him? |
| [Petitioner]: | Yes, your Honor. |

*Id.* at pp. 10-11. The trial judge accepted petitioner's guilty plea, finding that petitioner's plea was accurate, understanding and voluntary, and that there was a factual basis to support a finding of guilt. *Id.* at p. 12. Upon the entry of the guilty plea for second degree murder, the felony firearm charge against petitioner was dismissed. Register of Actions (Feb. 3, 2006).

On March 20, 2006, petitioner was sentenced to a term of 30 to 60 years imprisonment. Sent. Trans. at pp. 6-7. At the sentencing, the trial judge noted that the sentencing guideline range was "162 months to 270 or life" and that "the sentence arguably is within the guidelines." *Id.* at p. 5. The judge went on to note that the plea agreement included a minimum term

3

of 30 years' incarceration and that even if the term exceeded the guidelines, it was pursuant to the sentence agreement. *Id.* The trial judge also noted: that petitioner entered his guilty plea within the third or fourth day of trial; that there was no question in his mind that petitioner was "clearly involved in the homicide of a human being;" that based on the judge's experience with homicide trials, "the evidence at the time of the guilty plea was – was not only overwhelming, it was all consuming"; that "the testimony was compelling"; and that given the proofs at trial, had he not pled guilty, he would probably be facing mandatory life imprisonment. *Id.* at p. 6.

Approximately one year later, on March 22, 2007, the court heard petitioner's motion to withdraw his plea. Motion to withdraw Trans. (docket no. 16). The grounds for withdrawing the plea was petitioner's "misapprehension of the law regarding the Court's authority to overrule a jury verdict" and whether this misapprehension would "vitiate" petitioner's "surface waiver" of his rights, which made his guilty plea neither knowing nor voluntary. *Id.* at pp. 3-6. Petitioner's appellate counsel stated that petitioner apparently misunderstood the jury's authority, "believed that this Court – whatever happened with the jury – could have found him guilty," and was "confusing a bench trial and a jury trial." *Id.* at pp. 8-9. In support of his claim that he did not understand the jury trial system, petitioner submitted a three-sentence affidavit:

1. During my trial, my trial attorney told me that he had spoken to the Judge and the Judge said I should accept the plea.

2. I thought that the Judge could convict me no matter what the jury did so I thought it was pointless to proceed with a trial.

3. If I had known the Judge could not convict me I would not have plead guilty.

Petitioner's Aff. (Sept. 8, 2006) (docket no. 17).

4

The Court took issue with this theory, noting: that there were 14 people sitting in a jury box hearing the case; that petitioner "understood immensely what was going on"; that "[t]here was this mammoth pile of evidence about the size of Mount Everest about to collapse on him"; that petitioner's girlfriend, the estranged wife of the victim, had just testified and "killed" petitioner in terms of the hope of any defense; that there was clear evidence that petitioner had taken the victim to a rural area near where the victim worked, killed him, threw the victim off to the side of the road, and covered the victim with building materials. *Id.* at pp. 12-13. The trial judge noted that petitioner signed a document which waived enumerated rights, acknowledged his understanding of waiver and the plea on the record, and voluntarily pled guilty. *Id.* at pp. 13-20. In addition, there was no evidence that his counsel's performance fell below an objective standard of reasonableness. *Id.* at p. 19. For these reasons, the court denied petitioner's motion. *Id.* at p. 20.

Petitioner, through counsel, raised one issue in an application for leave to appeal:

I. The trial court erred in denying [petitioner's] motion to withdraw his plea where [petitioner's] guilty plea was not knowing and voluntary because he believed that the trial court could direct a guilty verdict even if the jury acquitted him.

Application (docket no. 17). The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Jones*, No. 277944 (Mich. App. July 23, 2007) (docket no. 17). There is no record that petitioner appealed this order to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis (Clerk of the Michigan Supreme Court) (docket no. 18).

On or about January 18, 2008, petitioner filed a motion for relief from judgment with the trial court pursuant to MCR 6.500 *et seq.,* which raised eight issues and numerous sub-issues:

I. The guilty plea was not entered into knowingly, voluntarily, or understandingly due to ineffective assistance of counsel.

5

    A.     Counsel advised [petitioner] to waive legal rights without any proper explanation or understanding.

    B.     Counsel failed to engage in communications or to meaningfully discuss and consult on defense issues.

    C.     Counsel failed to inform [petitioner] of legal procedures and failed to pursue and file motions requested by [petitioner].

    D.     Counsel failed to investigate and [subsequently] develop a substantial defense.

    E.     Counsel failed to clearly and understandingly explain the nature of the charges, burden of proof, or consequences of pleading guilty.

    F.     Counsel for the defense violated MCR 6.302 as to threats and inducements known by counsel but not placed on record which were used to obtain plea agreement.

    G.     Counsel advised [petitioner] in clear error of law on plea negotiations in violation of MCR 6.425(F)(4) and Section (E).

    H.     Counsel for the defense advised [petitioner] to lie under oath in order to accept the plea agreement.

II.     The prosecuting attorney and the 9th Circuit Court for the County of Kalamazoo violated [petitioner's] 6th Amendment and MCLA [sic] Constitutional Article 1 Right to a trial within 180 days of arrest and incarceration.

III.     The Honorable Trial Court Judge failed to investigate and enter into the record said investigation into the breakdown and/or non-existence of an attorney-client relationship and [petitioner's] contention of ineffective representation brought to his attention in writing by [petitioner].

IV.     The Honorable Trial Court Judge instigated plea negotiations and biased himself in the perception of [petitioner] during the on-going trial.

> V. The Honorable Trial Court Judge failed to ascertain facts admitted by [petitioner] that the plea was accurate and truthful.
>
> VI. The Honorable Trial Court Judge erred in sentencing [petitioner] without consideration of [prescribed] guidelines resulting in agreement to a sentence well over the legal guidelines and clearly disproportionate to [petitioner's] history and the agreed upon charge of second degree murder defined by the law.
>
> VII. The plea entered into as originally stated is illusory in nature and effect.
>
> VIII. [Petitioner] is not guilty of both the original charge and the charge in which he entered a plea to and thus the plea was and is not serving the interests of justice.

Motion for relief from judgment (docket no. 2-8 ). While petitioner stated that he had shown prejudice as required under MCR 6.508(D), and claimed that "[h]ad these issues been . . . placed before the Appeals Court, there is a clear probability that his plea would have been withdrawn and a new trial ordered," petitioner did not explicitly address cause for the procedural default or raise an independent claim for ineffective assistance of appellate counsel ("IAAC"). *Id.*; Brief in support of motion for relief from judgment (docket no. 2-9).

The court denied petitioner's motion in an order entered on April 18, 2008. *See* Order denying motion for relief from judgment (April 18, 2008) (docket no. 21).[1] The court found that petitioner's claims that his guilty plea was not entered into knowingly, voluntarily or understandingly were barred by MCR 6.508(D)(2) because they were previously raised on appeal. *Id.* at p. 4; MCR 6.508(D)(2) ("The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion . . . (2) alleges grounds

---

[1] The court notes that Circuit Judge Schaefer presided over petitioner's trial and that Circuit Judge Lipsey, entered the order denying petitioner's motion for relief from judgment.

7

for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[.]").

The court further found that petitioner's claims of ineffective assistance of counsel and trial court error were barred by MCR 6.508(D)(3) because they could have been raised on appeal. Order (April 18, 2008); *See* MCR 6.508(D)(3) (providing in pertinent part that the court may not grant relief to the defendant if the motion "(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief."). With respect to the claims barred by MCR 6.508(D)(3), the court further found that petitioner did not show either good cause for failing to raise such grounds on appeal or actual prejudice. Order (April 18, 2008).

        Petitioner filed an application for leave to appeal the trial court's order raising one issue:

    I.      The trial court erred in denying [petitioner's] motion for relief from judgment based on the argument that the grounds for relief requested were decided against [petitioner] in a prior appeal or proceeding and/or grounds which could have been raised on appeal. The Court claimed [petitioner] did not raise "good cause" and show "prejudice."

Application for leave (docket no. 20).[2] The Michigan Court of Appeals denied the application because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Jones*, No. 285972 (Mich. App. Jan. 6, 2009) (docket no. 20).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court raising one issue:

> I. The Court of Appeals for the State of Michigan erred in failing to grant Leave to Appeal to [petitioner]. The decision to deny leave was based on [petitioner's] failure to meet the burden of establishing entitlement to relief under MCR 6.508(D).

Application for leave to appeal (docket no. 21). The Michigan Supreme Court denied the application because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Jones*, No. 138338 (Mich. Sept. 28, 2009) (docket no. 21).

Jones filed a petition seeking federal habeas relief on April 1, 2010. Pet. (docket no. 1). He filed an amended petition raising four issues:

> I. Ineffective assistance of appellate counsel - violation of 6th Amendment right to counsel.
>
> II. Violation of 6th Amendment right to counsel (ineffective assistance) leading to violation of 14th Amendment right to due process (actual innocence).
>
> III. Trial court violated petitioner's 6th Amendment right to assistance of counsel, counsel of choice, self-representation by failing to investigate and appoint substitute counsel.
>
> IV. Trial court violated petitioner's 14th Amendment right to a fair trial by instigating and participating in plea negotiations during an ongoing jury trial.

---

[2] The court notes that petitioner filed two applications for leave to appeal. Both applications raised the same allegation of error.

Amend. Pet. (docket no. 4).

### II. Procedural default

#### A. Procedural default doctrine

Respondent contends that all of petitioner's issues are barred from habeas review under the procedural default doctrine. The court agrees. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

#### B. Issue I

Before a state prisoner may seek habeas relief in federal court he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state

remedies. *Picard v. Connor*, 404 U.S. 270 (1971); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Here, petitioner has not exhausted Issue I, his claim for ineffective assistance of appellate counsel ("IAAC") because he did not fairly present this claim to the trial court. *See Beatty v. Caruso*, 64 Fed. Appx. 945, 948 (6th Cir. 2003) ("[a] state prisoner petitioner is required to present the legal and factual substance of each issue he seeks to raise in the federal habeas proceeding to all levels of state court review"), citing *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir.1987). As a general rule, a habeas petition containing unexhausted claims should be dismissed without prejudice to allow the petitioner to present his claims to the state courts. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). Here, however, petitioner has filed his motion for post-conviction relief pursuant to MCR 6.500 *et seq.* and has no further avenue to exhaust in the state courts. Issue I is subject to the procedural default doctrine, because petitioner failed to give the state courts a "full and fair" opportunity to resolve the alleged IAAC and he cannot cure the failure because the state court remedies are no longer available. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004). Accordingly, Issue I is procedurally defaulted.

    **C.**     **Issues II, III and IV**

Petitioner first raised the claims in Issues II, III and IV in his post-conviction motion for relief from judgment brought pursuant to MCR 6.500 *et seq*. Petitioner, however, did not raise Issue I (ineffective assistance of appellate counsel) in this motion. As discussed, the trial court denied the motion on procedural grounds because petitioner's issues were barred by either MCR 6.508(D)(2) or MCR 6.508(D)(3). With respect to the claims barred by MCR 6.508(D)(3), the court found that petitioner did not show either good cause for failing to raise such grounds on appeal or actual prejudice. Both the Michigan Court of Appeals and the Michigan Supreme Court denied his

applications for leave to appeal Issues II, III and IV, because petitioner failed to meet the burden of establishing entitlement to relief under "MCR 6.508(D)".

The Sixth Circuit has previously held that MCR 6.508(D) is a valid procedural bar for habeas purposes. *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Simpson*, 238 F.3d at 407-08; *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). However, in *Guilmette v. Howes*, 624 F.3d 286, 288 (6th Cir. 2010) (*en banc*), the court held that brief orders which cite only MCR 6.508(D) – i.e., the type of order entered by the Michigan appellate courts this case – "are not explained orders invoking a procedural bar." In reaching this determination, the court observed that "Michigan practice confirms that brief orders citing Rule 6.508(D) in some cases refer to a petitioner's failure to meet his burden on the merits." *Guilmette*, 624 F.3d at 291. "Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained." *Id.* Thus, courts "must look past such orders 'to the last reasoned state court opinion to determine the basis for the state court's rejection' of a petitioner's claim." *Skinner v. McLemore*, 425 Fed.Appx. 491, 495 (6th Cir. 2011), quoting *Guilmette*, 624 F.3d at 291.

Here, the last reasoned state opinion was the trial court's April 18, 2008 order denying the motion for relief from judgment. In that order, the trial court determined that petitioner's claims were defaulted under either MCR 6.508(D)(2) or D(3). Accordingly, petitioner's Issues II, III and IV are subject to the procedural default doctrine.

12

### D. Cause and Prejudice

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. In petitioner's habeas Issue I, he alleges IAAC both as an independent claim and as cause for his procedural defaults of Issues II, III, and IV.

"[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Ineffective assistance of counsel may constitute cause for excusing a procedural default, but only when the performance of counsel was so deficient that it could not be considered the representation guaranteed by the Sixth Amendment. *Id.*; *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Id.* at 689-690.

In claiming ineffective assistance of counsel as cause for a procedural default, "[n]ot just any deficiency in counsel's performance will do." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Rather, "the assistance must have been so ineffective as to violate the Federal Constitution." *Id.*

> In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim. And we held in *Carrier* that the principles of comity and federalism that underlie our longstanding exhaustion doctrine — then as now codified in the federal habeas statute, *see* 28 U.S.C. §§ 2254(b), (c) — require that constitutional claim, like others, to be first raised in state court. "[A] claim of ineffective assistance," we said, generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Carrier*, *supra*, at 489, 106 S. Ct. 2369.

*Id.* at 451-52.

Here, because petitioner did not bring an independent claim for IAAC in the state court, the unexhausted IAAC claim raised in his habeas petition cannot serve as the cause to excuse the other procedural defaults. *See Stokes v. Scutt*, – Fed. Appx. –, 2013 WL 2249300 at *10 (6th Cir. May 22, 2013) ("[w]ith no exhausted IAAC claim . . . we are constrained to conclude that [the petitioner] has not presented cause to excuse the procedural default"), citing *Edwards*, 529 U.S. at 452. Accordingly, petitioner has not shown cause for his procedural default in the state court.

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving,

the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Claims of actual innocence are rarely successful because such evidence is unavailable in the vast majority of cases. *Id.*

Here, the gist of petitioner's actual innocence claim is that he lied under oath when he admitted that he shot and killed the victim and pled guilty to this crime:

> The petitioner maintains that his plea of guilty was a result of trial counsel's clear indication that to continue with a judge who believed in his guilt without a defense being offered and trial counsel who stated he would not be offering a defense would be futile. The advice of counsel and judge to plead guilty *when the petitioner knew he was not* was clearly not accurate, however the petitioner continued to act on that advise through the plea hearing and the sentencing hearing.
>
>    \*   \*   \*
>
> The petitioner states that had it not been for the above listed prejudices he would not have been placed in a situation in which his will was overwhelmed and his trust in a just outcome and fair trial was depleted *leading to a guilty plea to a crime of which he is not guilty*.

Petitioner's Memorandum (docket no. 2 at pp. 18 and 23) (emphasis added).

Petitioner's claim that he entered "a guilty plea to a crime of which he is not guilty" is not new, reliable evidence sufficient to meet the actual innocence exception. *See Bousley*, 523 U.S. at 623-24; *Schlup*, 513 U.S. at 321, 324. Petitioner's statements under oath that he shot David

15

Guckes, intended to kill Guckes and in fact "killed David Guckes" carry a strong presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity"); *United States v. Rennick*, 219 Fed. Appx. 486, 489 (6th Cir. 2007) (the defendant's statements to the court made during his guilty plea "carry a strong presumption of truthfulness"). Furthermore, petitioner's guilty plea "serves as an admission that he is not innocent of the crimes charged." *Luster v. United States*, 168 F.3d 913, 916 (6th Cir. 1999).

The only "new" evidence presented by petitioner to show that he is "actually innocent" of the crime was the affidavit in which he claimed not to understand the nature of a jury trial. To the extent that the Court considers this affidavit to be new evidence, it does not demonstrate actual innocence. The affidavit goes to the legal insufficiency of petitioner's plea, not to his factual innocence. *See Bousley*, 523 U.S. at 623-24. Accordingly, petitioner has failed to meet the fundamental miscarriage of justice exception. Having failed to meet the exception under *Coleman*, all of petitioner's claims are procedurally barred and not subject to habeas review.

### III. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: August 20, 2013            /s/ Hugh W. Brenneman, Jr.
                                  HUGH W. BRENNEMAN, JR.
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).