UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

EDWARD GARRY JONES,

        Petitioner,                              Case No.  1:10-CV-319

v.                                          HON. ROBERT J. JONKER

CARMEN PALMER,

        Respondent.

———————————————/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Edward Jones, has filed an Objection (docket #34) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued August 20, 2013 (docket #33).  The Report and Recommendation recommends that this Court deny Jones's habeas corpus petition.  When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  After conducting a *de novo* review of the Report and Recommendation, Jones's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

# I. Factual Background

Jones was charged with open murder, Mich. Comp. Laws § 750.318, and felony firearm possession, Mich. Comp. Laws § 750.227b. (*People v. Jones*, No. 2005-1151-FC (9th Cir. Ct.), Register of Actions, docket #14, at 1.) On February 3, 2006, the fourth day of his jury trial, Jones pled guilty to second-degree murder, Mich. Comp. Laws § 750.317. (Plea Tr., docket #15, at 6–7.) The trial judge inquired into the basis for Jones's guilty plea. Jones stated, "I killed David Guckes," and confirmed that he intended to kill Guckes when he shot him. (*Id.* at 10–11.) The judge accepted Jones's guilty plea, finding that the plea was accurate, made with understanding, and voluntary, and that there was a factual basis to support a finding of guilt. (*Id.* at 12.) A year after sentencing, in March 2007, Jones filed a motion to withdraw his guilty plea, which the court denied in April 2007. (Docket #14, at 3–4.)

# II. Jones's Objections

Jones presents two objections: (1) the magistrate judge incorrectly concluded that Jones failed to exhaust his ineffective assistance of appellate counsel claim, and (2) the magistrate judge erred in concluding that Jones had not established an "actual innocence" exception to the procedural default of his remaining claims.

## A. Ineffective Assistance of Appellate Counsel

Jones first objects that he exhausted his ineffective assistance of appellate counsel claim. On direct appeal, Jones, through appellate counsel, raised one issue in an application for leave to appeal: that the trial court erred in denying his motion to withdraw his plea because his guilty plea was not knowing and voluntary. (*See* docket #18.) On July 23, 2007, the Michigan Court of Appeals denied the application for "lack of merit in the grounds presented." (*Id.*) Jones concedes that he did not

pursue his claims on direct appeal to the Michigan Supreme Court, (docket #2-9, Page ID 103), and Respondent has produced an affidavit from the Clerk for the Michigan Supreme Court indicating that Jones did not file a direct appeal to the Michigan Supreme Court (docket #19).

On or about January 18, 2008, Jones filed a motion for relief from judgment with the circuit court under Michigan Court Rule 6.500 *et seq.*, raising eight issues: (1) his guilty plea was not made knowingly or voluntarily due to ineffective assistance of trial counsel, (2) the prosecutor and trial court violated his right to speedy trial, (3) the trial judge failed to investigate the breakdown of the attorney-client relationship, (4) the trial judge instigated plea negotiations, (5) the trial judge failed to ascertain whether the facts supporting the guilty plea were truthful, (6) the trial judge erred in sentencing, (7) the guilty plea was illusory, and (8) Jones was not guilty of the original charges, nor the charge for which he pled guilty. (Docket #2-8, Page ID 97–99.) In support of his motion, Jones submitted a lengthy brief, enumerating each of his claims. (Docket #2-9.) In a short statement of facts, Jones also included the following facts:

> Mr. Skinner [appellate counsel] refused to argue the motion as submitted by the defendant [Jones]. Mr. Skinner agreed at this time to incorporate three of the four main issues originally filed in the defendants [sic] [motion to withdraw guilty plea].

> Prior to filing his motion, Mr. Skinner in a series of letters withdrew from his agreement to forward the defendants [sic] issues and filed a motion that fell well short of the expectations of the defendant. In Exhibit A [letter from appellate counsel], Mr. Skinner makes clear his view that the defendant would have to compromise his first review chances at this time and accept Mr. Skinners [sic] motion and then file a 6.500 motion with less chance of success at a later date using ineffective assistance of appelate [sic] counsel as reason [sic]. The motion as filed by Mr. Skinner was denied in the trial court and leave to appeal was denied by the Michigan Court of Appeals. The defendant decided not to carry forward the motion as drawn by appelate [sic] counsel to the Supreme Court as he believed it did not reflect the nature and extent of errors and violations which led to the erroneous Plea. The defendant believed that submitting the flawed motion could deprive him of argueing [sic] that his appelate [sic] counsel had failed to act as requested and in the defendants [sic] best interest as requested.

(*Id.* at 103.) In his motion, Jones also stated,

3

> The Defendant has shown "prejudice" under MCR 6.508(D) in that the errors addressed in this Motion and Brief, both individually and cumulatively, deprived him of the opportunity of a fair trial and lead to a plea which was not knowing, understanding, or well advised nor in the interest of justice. Had these issues been brought to the attention of the Trial Court at the time of Plea Withdrawal or placed before the Appeals Court, there is a clear probability that his plea would have been withdrawn and a new trial ordered.

(Docket #2-8, Page ID 100.) Jones did not explicitly argue that his appellate attorney's failure to present Jones's preferred appellate arguments constituted "cause" for why Jones did not previously present his arguments under Michigan Court Rule 6.508(D)(3)(a). Jones did not raise an independent claim that his appellate counsel's performance constituted ineffective assistance.

On April 18, 2009, the circuit court denied Jones's motion. (Docket #2-10.) The court found that Jones's argument that his guilty plea was not entered knowingly and voluntarily was barred by Michigan Court Rule 6.508(D)(2) because it was decided against him in a prior appeal. (*Id.* at 151.) The court further determined that the following arguments were procedurally defaulted because Jones failed to present them in a prior appeal or motion and Jones had failed to present both good cause for failure to raise the issues and actual prejudice from the alleged errors: ineffective assistance of trial counsel, that the trial court instigated plea negotiations, and that the trial court failed to ascertain that Jones's plea was truthful. (*Id.* at 151–55.) The circuit court specifically noted that Jones "ha[d] not shown good cause for failing to raise such grounds, nor actual prejudice." (*Id.* at 155.) Jones filed an application for leave to appeal the circuit court's order. In a brief in support of his application for leave, Jones specifically argued that his "good cause" for failure to raise his issues on direct appeal was ineffective assistance of appellate counsel, citing the same letter from his appellate counsel that he had attached to his original motion for relief from judgment before the circuit court. (Docket #2-11, Page ID 164.) Jones then stated, "defendant believes that his appelate

4

[sic] attorneys [sic] letters are clearly "Good Cause" why the defendant was prevented from pursuing the issues raised in his Motion for Relief from Judgement [sic] at any earlier time. . . . It is the belief of the defendant that the [circuit court judge] overlooked this proof in his failure to pursue the Defendants [sic] Motion." (*Id.* at 165.) On January 6, 2009, the Michigan Court of Appeals denied Jones's application because Jones "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (Docket #20.)

On March 2, 2009, Jones filed an application for leave to appeal to the Michigan Supreme Court. (Docket #21.) Jones argued that ineffective assistance of appellate counsel constituted "good cause" for his failure to raise issues on appeal or in a prior motion. (*Id.*) On September 28, 2009, the Michigan Supreme Court denied Jones's application for leave to appeal because Jones "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (*Id.*) On April 1, 2010, Jones filed a petition seeking federal habeas relief under 28 U.S.C. § 2254.

In the Report and Recommendation, the magistrate judge recommended denying Jones's first claim for habeas relief—ineffective assistance of appellate counsel—on the basis that Jones failed to exhaust his claim by raising it in state court and, because Jones had already filed a motion for post-conviction relief under Michigan Court Rule 6.500, Jones had no further avenue to exhaust the issue in state court. (Docket #33, Page ID 364.) The magistrate judge noted that Jones "did not explicitly address cause for the procedural default or raise an independent claim for ineffective assistance of appellate counsel." (*Id.* at 360.) Jones objects that he consistently raised the issue in state court. After a careful review of the record, the Court agrees that Jones failed to raise an independent claim of ineffective assistance of appellate counsel. Even assuming that Jones fairly presented that his attorney's performance was "cause" for purposes of avoiding procedural default,

which is unclear, Jones's failure to raise his ineffective assistance of appellate counsel claim as an independent claim precludes him from seeking habeas relief on the basis of independent assistance of appellate counsel. Although ineffective assistance of counsel may be cause for procedural default, the Supreme Court has stated that "the exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986) (internal quotation marks and citation omitted). "[I]f a petition could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available." *Id.* at 489. Jones does not appear to argue that he raised or exhausted an independent claim for ineffective assistance of appellate counsel before the state courts, and the record is clear that he did not independently enumerate such an argument as he did his other claims for relief. (*See* docket #2-8, Page ID 97–99 (expressly enumerating each claim for relief).) Thus, the Court agrees with the Report and Recommendation that Jones failed to give the state courts a "fair opportunity" to resolve the claim, and the claim is procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Hicks v. Straub*, 377 F. App'x 538, 551 (6th Cir. 2004). Nonetheless, even if the Court were to conclude that Jones exhausted his claim, Jones's claim lacks merit.

The Supreme Court in *Strickland v. Washington* articulated the standard for evaluating ineffective assistance of counsel claims:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984); *see also Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998).

Judicial scrutiny of counsel's performance must be highly deferential, and "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 46 U.S. at 689 (internal quotation marks omitted). In order to show prejudice from a failure to object, a defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Stone v. United States*, 258 F. App'x 784, 787 (2007) (quoting *Strickland*, 466 U.S. at 694).

When a defendant argues that his appellate counsel was ineffective, a court applies the *Strickland* standard. *See Goff v. Bagley*, 601 F.3d 445, 462 (6th Cir. 2010). Courts have repeatedly held that a defendant does not have a constitutional right to have every appealable issue raised on appeal. *See, e.g.*, *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Jones v. Barnes*, 463 U.S. 745, 751–53 (1983). Rather, the law recognizes that effective attorneys must make strategic judgments by "winnowing out weaker arguments on appeal and focusing on those more likely to prevail" because that "is the hallmark of effective appellate advocacy." *Smith*, 477 U.S. at 536 (internal quotation

marks and citation omitted). "A brief that raises every colorable issue runs the risk of burying some good arguments . . . in a verbal mound made up of strong and weak contentions." *Jones*, 463 U.S. at 753. "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Id.* at 699. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal quotation marks omitted).

Applying the *Strickland* standard, Jones has not shown that his counsel's failure to raise all of Jones's appellate arguments constitutes ineffective assistance of counsel. First, Jones's argument that he was prejudiced by his counsel's failure to raise all of Jones's arguments is limited to his bare assertion that "[h]ad appellate counsel raised the issues of federal constitutional violations brought to his attention by [Jones] . . . the trial court would have considered and been required to form a record of the issues presented and thus withdrawn the plea of guilty or at least preserved the issues for appellate and/or federal review." (Docket #2, Page ID 20.) This is insufficient to show a "reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004). Second, the record of correspondence from Jones's appellate counsel supports Respondent's argument that counsel made a strategic decision to include only meritorious arguments in Jones's appeal. Counsel expressly communicated to Jones that the arguments requested by Jones were not meritorious but advised Jones that he could raise those in a Rule 6.500 motion by explaining that Jones had not previously raised them because his appellate attorney was ineffective. (*See* Docket #2-5, Page ID 76 ("I do not believe that it is a viable issue."); *id.* at 77 ("I did not raise the issues that you mention . . . because I don't think that they have

merit.").)  Thus, Jones has not overcome the strong presumption that his counsel's deliberate decision to present certain arguments and not others falls within the wide range of reasonable professional assistance or is sound trial strategy.  *Strickland*, 46 U.S. at 689.

## B. Actual Innocence

Second, Jones objects that his case falls within the "fundamental miscarriage of justice" exception to the procedural default doctrine.  "To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  To meet the threshold requirement for actual innocence, a habeas petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* at 329.  In the context of procedural default, "actual innocence means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).  "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Id.*

In this case, Jones claims that his new evidence is that he lied under oath during his guilty plea, as supported by an affidavit that he did not understand the nature of his rights in a jury trial.  Jones argues that his affidavit is "newly discovered evidence" because it was not addressed by the

trial court. However, to the extent that the court considers it to be "new evidence," it does not constitute the type of "new reliable evidence" intended by the Supreme Court in *Schlup*, 513 U.S. at 865 (providing examples such as "scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). Moreover, Jones's statements under oath, including his admission that he killed the victim, "carry a strong presumption of verity." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).[1] Further, as the magistrate judge observed, Jones's affidavit goes to the legal insufficiency of Jones's plea, not to his factual innocence. *See Bousley*, 523 U.S. at 623–24. Thus, Jones has not established that his case presents a miscarriage of justice exception, and he has procedurally defaulted on the remainder of his habeas claims.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Jones's claims under the *Slack* standard.

---

[1] The Court also notes that the trial judge observed at sentencing that "the evidence at the time of the guilty plea was—was not only overwhelming, it was all consuming," "the testimony was compelling," and had Jones not pled guilty, he would probably be facing mandatory life imprisonment. (Sent. Tr., docket 16, at 6.)

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Jones's claims was debatable or wrong. Thus, the Court will deny Jones a certificate of appealability.

Therefore, the Court will adopt the recommendation of the Report and Recommendation. A separate judgment will issue.

Dated: September 23, 2013                    _____/s/ Robert J. Jonker_____
                                                              ROBERT J. JONKER
                                                              UNITED STATES DISTRICT JUDGE